# DICK SPEARS v. STATE.

No. A-10993.   June 22, 1949.

(207 P. 2d 946.)

H. M. Shirley and E. Moore, both of Coalgate, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Dick Spears, was charged in the district court of Coal county with the crime of rape in the first degree, was tried, convicted of the included offense of assault with intent to commit rape, and sentenced to serve five years in the State Penitentiary, and has appealed.

The chief contention presented for a reversal of the conviction is that the evidence is insufficient to support the conviction.

The defendant was charged with the rape of Martha Lou Cox, who was 12 years of age at the time the act was alleged to have occurred.

The record presents one of the most sordid cases this court has ever had occasion to review. The situation as portrayed by the evidence of the state and in part corroborated by admissions of the witnesses for the defense, including the defendant himself, shows that the defendant, his wife and four or five other parties staying at the home of the Spears, were devoting most of their time in the month of July, 1946, to fornication and selling whisky.

Martha Lou Cox testified that her father and step-mother were arrested on July 23, 1946, on a whisky charge and taken to jail; that her father told her and her sister, Betty Jo Cox, who was a year younger than Martha Lou, to go over to the home of the defendant, Spears, and remain until he got out of jail; that she and Betty Jo went over to the home of Spears and that the first day that she got there the defendant followed her down to the spring where she had gone to get a bucket of water and threw her down and had sexual intercourse with her; that he repeated the act the next day and on Friday night, shortly after dark, he got in the bed where she was lying with her sister and two other children and repeated the act; that at the end of five days she and her sister were taken to her grandmother's where she reported what had happened; that during the time she was at the defendant's home, Henry Tidwell, Roy Walker, and Clarence McKeen, who were

there at the place also had sexual intercourse with her; that she screamed for help but no one offered to help her; that one of the acts was commenced in the kitchen of defendant's home in the presence of defendant's wife, Grace, and that Grace told her to go ahead and submit to the defendant.

Betty Jo Cox, the sister, testified that she witnessed the acts committed by the defendant in a ditch in back of the house on Thursday, and also the one where she was lying in bed with her sister on Friday night; that when her sister commenced to scream, she ran to Mrs. Spears to get help and Mrs. Spears, wife of defendant, said "Let him go ahead, I don't give a damn."

Alice Cox, the grandmother, testified that Betty Joe Cox came to her in the town of Coalgate on Saturday and asked her to get her sister, Martha Lou Cox, who was at the Spears home and was being mistreated; that she sent her two sons after Martha Lou and that when they brought her to her house she was in a bad physical condition; she could not sit down; she had bruises on her ear and on her back where she had been struck, and could hardly walk; that she later took Martha Lou to Doctor Clark of Coalgate; that the little girl became pregnant, and on October 28th, had a miscarriage.

Doctor Clark testified that he made an examination of Martha Lou Cox but did not remember the date of the examination; that his examination was confined solely to her private parts; that he found a ruptured hymen, inflammation, and an opening larger than a child of that age should have had; that the condition which he found was such condition as is ordinarily caused by an act of sexual intercourse.

The defense consisted chiefly of evidence by parties who were either charged with similar acts of rape against the little girl, or who were connected in some way with the defendant in his illicit whisky business. This evidence was for the purpose of showing that there was jealousy between Everett Cox, the father of the prosecutrix, and the defendant over Lorice Cox, wife of Everett, who was the stepmother of the prosecutrix, and that this jealousy motivated the father in filing a charge of rape against the defendant.

The defendant also offered proof of an alibi in so far as the Friday night act was concerned, but his evidence in this regard was weakened by the introduction of a transcript of his evidence given on the trial of Clarence McKeen in another case, which testimony varied from that given by him in the instant case.

The evidence presented a question for the determination of the jury. The jury was extremely lenient when they fixed the punishment of defendant at five years' imprisonment. The testimony of the two little girls has a ring of truthfulness. It would be an unauthorized usurpation of authority on our part if we should attempt to overthrow the verdict of the jury based on such evidence.

The defendant makes the contention in his brief that he was denied a fair trial on account of the attitude of the trial judge and court officials in the presence of the jury. We have carefully checked the record and have found nothing that appears to have been improper or prejudicial on the part of such officials or judge.

The trial court in his instructions gave the requested instructions of counsel for the defendant which were more favorable to the defendant than he was entitled to

under the law. No objection was made to the giving of any instruction.

The little girl wrote out in her own handwriting in pencil a note for the county attorney detailing the circumstances of the various acts of sexual intercourse had with the defendant and the other parties there on the premises of the defendant. This account of these acts is so vivid, lewd, indecent, obscene and filthy that this opinion will not be burdened by including it herein. It would make the blood of any ordinary sane human boil at the misdeeds perpetrated on this young girl by this group of adult degenerates.

The judgment and sentence of the district court of Coal county is affirmed.

BAREFOOT and BRETT, JJ., concur.